1  Stacey E. James, Bar No. 185651
    sjames@littler.com
2  Luis E. Lorenzana, Bar No. 248162
    llorenzana@littler.com
3  LITTLER MENDELSON, P.C.
    501 W. Broadway, Suite 900
4  San Diego, California  92101.3577
    Telephone:    619.232.0441
5  Fax No.:        619.232.4302

6  Attorneys for Defendants
    CALPINE OPERATING SERVICES COMPANY,
7  INC. AND CALPINE CORPORATION

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO

| | |
|---|---|
| ELOY HERRERA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CALPINE OPERATING SERVICES COMPANY, INC.; CALPINE CORPORATION; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.  37-2023-00007065-CU-OE-CTL<br><br>ASSIGNED FOR ALL PURPOSES TO JUDGE KERI KATZ, DEPT C-74<br><br>**CALPINE OPERATING SERVICES COMPANY, INC. AND CALPINE CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Trial Date: None Set<br>Complaint Filed:   February 17, 2023 |

CALPINE OPERATING SERVICES COMPANY, INC. AND CALPINE CORPORATION ("Defendants") hereby answers the Complaint ("Complaint") filed by Plaintiff ELOY HERRERA ("Plaintiff"), as follows:

## GENERAL DENIAL

Pursuant to California Code of Civil Procedure section 431.30, subdivision (d), Defendants generally and specifically deny each and every allegation in the Complaint. In addition, Defendants deny that Plaintiff or the putative class have sustained or will sustain any loss or damage in the manner or amount alleged, or otherwise, by reason of any act or omission of, or any other conduct or absence thereof on the part of, Defendants. Defendants further generally and specifically deny that Plaintiff or the putative class are entitled to any relief whatsoever.

Defendants general denial is based on the factual contentions which include, but are not limited to, the following: (1) Defendants properly and timely paid employees, including Plaintiff, for all wages owed, including but not limited to overtime calculated at the proper regular rate of pay and minimum wages for all hours worked; (2) Defendants provided employees, including Plaintiff, with legally-compliant meal and rest breaks; (3) Defendants properly paid employees, including Plaintiff, meal and rest period premiums at the proper rate; (4) Defendants provided employees, including Plaintiff, with complete and accurate wage statements; (5) Defendants paid all wages timely, as well as due upon termination of employment to terminated employees; (6) Defendants properly provided and paid sick leave for employees, including Plaintiff, at the proper rate; (7) Defendant complied with its obligations under the Labor Code and provided Plaintiff with his payroll records and personnel file; (8) Defendants did not engage in unlawful business acts or practices in violation of California Business and Professions Code sections 17200 *et seq.*; (9) Defendants' alleged misconduct did not injure or otherwise damage employees, including Plaintiff; (10) Plaintiff's definition of the proposed class is unreasonably broad; and (11) Plaintiff will be unable to establish the prerequisites for class certification, including, but not limited to: standing, numerosity, commonality (questions of law or fact common to the class), typicality (Plaintiff's

claims are typical of the class), superiority (of the class action mechanism), class action manageability (of the trial plan) and that Plaintiff is an adequate class representatives.

Defendants reserve their due process right to receive a determination regarding class certification and contends that class certification is not appropriate in this instance.

Given the conclusory nature of the Complaint, Defendants hereby reserve their right to amend or supplement its Answer upon further investigation and discovery of facts supporting its defenses.

## AFFIRMATIVE DEFENSES

By way of separate, additional and/or distinct defenses to the Complaint and each cause of action therein, and without conceding that Defendants bear the burden of proof or the burden of persuasion as to any of these issues, Defendants assert the following defenses. Defendants intend to rely upon any additional defenses that become available or apparent during pretrial proceedings and discovery in this action, and hereby reserves the right to amend this Answer to assert all such further defenses.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1. As a separate and distinct affirmative defense, Defendants assert that the Complaint, and each and every alleged cause of action therein, fails to state facts sufficient to constitute a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Laches)

2. As a separate and distinct affirmative defense, Defendants allege that the Complaint and each cause of action set forth therein, or some of them, are barred by the equitable doctrine of laches.

## THIRD AFFIRMATIVE DEFENSE
### (Waiver)

3. As a separate and distinct affirmative defense, Defendants allege that the Complaint

LITTLER MENDELSON, P.C.
Attorneys at Law
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

3

CALPINE OPERATING SERVICES COMPANY, INC. AND CALPINE CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT

and each cause of action set forth therein, or some of them, are barred by the equitable doctrine of waiver.

## FOURTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

4.    As a separate and distinct affirmative defense, Defendants allege that the Complaint and each cause of action set forth therein, or some of them, are barred by the equitable doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE
### (Consent)

5.    As a separate and distinct affirmative defense, Defendants allege that the Complaint and each cause of action set forth therein, or some of them, are barred by the equitable doctrine of consent.

## SIXTH AFFIRMATIVE DEFENSE
### (Unjust Enrichment)

6.    As a separate and distinct affirmative defense, Defendants allege that the Complaint and each cause of action set forth therein, or some of them, are barred by the equitable doctrine of unjust enrichment. During the relevant time period, Defendants maintained legally-compliant policies which included, but were not limited to, policies regarding regular and overtime wages, paid sick leave, and meal and rest periods. Without limiting Defendants' reliance on this affirmative defense, to the extent that Plaintiff and the purported class members, *inter alia*, received regular and overtime wages for hours worked and was provided meal and rest periods, for that person to receive additional monies for the same would result in unjust enrichment. As Plaintiff provides factual background for his Complaint, Defendants reserves the right to further amend this affirmative defense.

## SEVENTH AFFIRMATIVE DEFENSE
### (Estoppel)

7.    As a separate and distinct affirmative defense, Defendants allege that the Complaint

LITTLER MENDELSON, P.C.
Attorneys at Law
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

4

CALPINE OPERATING SERVICES COMPANY, INC. AND CALPINE CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT

and each cause of action set forth therein, or some of them, are barred by the equitable doctrine of estoppel and/or judicial estoppel.

### EIGHTH AFFIRMATIVE DEFENSE
### (Accord and Satisfaction)

8. As a separate and distinct affirmative defense, Defendants allege that Plaintiff's claims fail because Plaintiff and the purported class members have been fully paid all amounts legally owed by Defendants and are barred by the doctrine of accord and satisfaction.

### NINTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

9. As a separate and distinct affirmative defense, Defendants allege that the Complaint and each cause of action set forth therein, or some of them, are barred by the applicable statutes of limitations, including, but not limited to, those set forth in California Labor Code sections 203(b) and 2698 *et seq.*, California Code of Civil Procedure sections 337, 338(a) and (d), 339, 340, 340(a), and/or 343, and California Business and Professions Code section 17208.

### TENTH AFFIRMATIVE DEFENSE
### (Good Faith)

10. As a separate and distinct affirmative defense, Defendants allege that the Complaint and each cause of action set forth therein cannot be maintained because, without admitting that any violation took place, any violation of the Labor Code or Order of the Industrial Welfare Commission was not knowingly, willfully or intentionally done and/or was an act or omission made in good faith, because there exists a good faith dispute as to whether further compensation is due and/or Defendants had reasonable grounds for believing that its wage payment practices complied with applicable laws and that any act or omission was not a violation of the Labor Code or any Order of the Industrial Welfare Commission, such that Plaintiff and the purported class members are not entitled to any damages in excess of any wages and are not entitled to any liquidated damages.

///

LITTLER MENDELSON, P.C.
Attorneys at Law
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

5

CALPINE OPERATING SERVICES COMPANY, INC. AND CALPINE CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT

### ELEVENTH AFFIRMATIVE DEFENSE
### (Plaintiff's Breach of Duties)

11. As a separate and distinct affirmative defense, Defendants allege that the claims of Plaintiff and/or some or all the purported class members are barred by their own breach of the duties owed to Defendants pursuant to the California Labor Code, including but not limited to California Labor Code §§ 2853, 2854, 2856, 2857 and/or 2859 and/or the refusal or failure by Plaintiff and/or the purported class members to meet Defendants' reasonable expectations and the job performance requirements.

### TWELFTH AFFIRMATIVE DEFENSE
### (Injury Resulted From Act or Omission of Plaintiff and/or the Putative Class)

12. As a separate and distinct affirmative defense, Defendants allege that each purported cause of action contained in the Complaint, or some of the causes of action, are barred because the alleged losses or harms sustained by Plaintiff and/or the purported class members, if any, resulted from the acts or omissions of Plaintiff and/or the purported class members, and/or was proximately caused by the actions or inactions of Plaintiff and/or the purported class members.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (No Proximate Cause)

13. As a separate and distinct affirmative defense, Defendants allege that the alleged injuries to Plaintiff and the purported class members were not proximately caused by any unlawful policy, custom, practice, and/or procedure promulgated and/or tolerated by Defendants.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (*De Minimis*)

14. As a separate and distinct affirmative defense, Defendants allege that Plaintiff and/or the purported class members are barred from recovering under the Complaint under the "*de minimis*" doctrine.

/ / /

/ / /

LITTLER MENDELSON, P.C.
Attorneys at Law
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

### FIFTEENTH AFFIRMATIVE DEFENSE
### (Avoidable Consequences)

15. As a separate and distinct affirmative defense, the Complaint, and each alleged cause of action therein, or some of them, are barred, or any recovery should be reduced, pursuant to the avoidable consequences doctrine because Defendants took reasonable steps to prevent and correct any of the harm/violations alleged. Plaintiff and/or the purported class members unreasonably failed to use the preventative and corrective opportunities provided to them by Defendants, and reasonable use of Defendants' procedures would have prevented at least some, if not all, of the harm that Plaintiff and/or the purported class members allegedly suffered.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (Secreted or Absented)

16. As a separate and distinct affirmative defense, Defendants allege that the claims of Plaintiff and/or the purported class members for alleged failure to pay wages fail, in whole or in part, to the extent that Defendants did not reasonably know hours were worked by Plaintiff and/or the purported class members, to the extent Plaintiff or the purported class members deliberately prevented Defendants from acquiring knowledge of the hours worked and/or to the extent Plaintiff and/or the purported class members secreted or absented themselves to avoid payment of wages.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (Credit and Offset)

17. As a separate and distinct affirmative defense, Defendants allege that they are entitled to an offset against any relief due Plaintiff and/or the purported class members, based upon its respective wrongful conduct and/or monies owed to Defendants, including, but not limited to, any benefits and/or other monies they have received or will receive.

### EIGHTEENTH AFFIRMATIVE DEFENSE
### (Substantial Compliance)

18. As a separate and distinct affirmative defense, Defendants allege that even assuming, *arguendo*, that Defendants failed to comply with any provision of the Labor Code,

including but not limited to Labor Code sections 226 and 226.7, Defendants substantially complied with the Labor Code and or any applicable Wage Orders and Regulations, thus rendering an award of civil penalties inappropriate under the circumstances.

### NINETEENTH AFFIRMATIVE DEFENSE
**(Labor Code § 226 - No Injury, No Willfulness, and No Knowing And Intentional Failure)**

19. As a separate and distinct affirmative defense, Defendants allege that, assuming *arguendo* Plaintiff and/or the purported class members were not provided with a proper itemized statement of wages, any alleged failure was not willful, and Plaintiff and/or the purported class members are not entitled to recover damages because Plaintiff and/or the purported class members were not "injured" thereby and because Defendants' alleged failure to comply with California Labor Code § 226(a) was not a "knowing and intentional failure" under California Labor Code § 226(e).

### TWENTIETH AFFIRMATIVE DEFENSE
**(*Bona Fide* Dispute)**

20. As a separate and distinct affirmative defense, Defendants allege that Plaintiff's claims for penalties are barred in whole or in part, because a good faith, *bona fide* dispute exists over whether wages are owed.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
**(Labor Code § 203 - Not Willful)**

21. As a separate and distinct affirmative defense, Defendants allege that any claim for penalties pursuant to Labor Code § 203 is barred, in whole or in part, because even if Plaintiff or any purported class member is entitled to any wages, which Defendants denies, Defendants has not willfully or intentionally failed to pay any such wages to Plaintiff or any purported class member to justify an award of penalties or fees, whether under California Labor Code section 203 or otherwise.

/ / /

/ / /

8
CALPINE OPERATING SERVICES COMPANY, INC. AND CALPINE CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT

LITTLER MENDELSON, P.C.
Attorneys at Law
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Labor Code § 203 – No Penalties After Filing Of Complaint)

22. As a separate and distinct affirmative defense, Defendants allege Plaintiff is barred from seeking any civil penalties pursuant to Labor Code § 203 for any violation occurring after the filing of the Complaint.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Claims Barred Where Violations Have Discontinued)

23. As a separate and distinct affirmative defense, Defendants allege that Plaintiff's claims for recovery in the form of restitution, disgorgement, or injunctive relief under California Business and Professions Code section 17200, *et seq.*, are barred with respect to any alleged violations that have been discontinued, ceased, or are not likely to recur.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Business and Professions Code §17200 Unconstitutional As Applied)

24. As a separate and distinct affirmative defense, Defendants allege that the prosecution of a representative action on behalf of the general public under California Business and Professions Code section 17200, *et seq.*, as applied to the facts and circumstances of this case, would constitute a denial of Defendants' due process rights, both substantive and procedural, in violation of the California Constitution and the Fourteenth Amendment to the United States Constitution.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Multiple Penalties Unconstitutional)

25. As a separate and distinct affirmative defense, Defendants allege that the Complaint, and each cause of action set forth therein, or some of them, are barred because, as applied in this putative class action, an award of civil penalties would result in the imposition of excessive, replicating fines or penalties and/or an unlawful taking in violation of the Fifth and Eighth Amendments to the United States Constitution and Article I, Sections 7 and 8 of the California Constitution and Defendants' fundamental constitutional rights to due process under the Fourteenth

Amendment of the United States Constitution and Constitution and laws of the State of California. *See, e.g., State Farm Mutual Automobile Insurance Company v. Campbell,* 538 U.S. 408 (2003); *People ex rel Lockyer v. R.J. Reynolds Tobacco Co.*, 37 Cal. 4th 707 (2005).

### TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (Class Action – Adequacy and Standing)

26. As a separate and distinct affirmative defense, Defendants allege that the Complaint and each cause of action set forth therein, or some of them, are barred because Plaintiff is not an adequate and proper representative of the purported class members, and he lacks standing to pursue claims against Defendants.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE
### (No Knowledge of Work)

27. As a separate and distinct affirmative defense, Defendants allege that if either Plaintiff or any purported class member "worked" hours for which compensation was not paid, Defendants had no knowledge, or reason to know, of such "work" and such overtime "work" was undertaken without the consent or permission of Defendants. Because Defendants had no knowledge of such "work," Plaintiff cannot claim to have been "suffered and permitted" to work as is required for time to be considered "hours worked" within the applicable Wage Order.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE
### (Failure to Take Breaks Provided Under the Law)

28. As a separate and distinct affirmative defense, Defendants allege that Plaintiff and/or the purported class members have no right to a premium payment under California Labor Code section 226.7 because, to the extent, if any, that person did not take breaks, it was because he/she: (1) failed to take breaks that were provided to him/her in compliance with California law; (2) chose not to take breaks that were authorized and permitted; (3) to the extent Plaintiff and the purported class members did not take meal and/or rest breaks, they did so without permission or knowledge of Defendants; or (4) waived his/her right to meal breaks under California Labor Code section 512(a) and/or applicable Wage Order of the Industrial Welfare Commission.

LITTLER MENDELSON, P.C.
Attorneys at Law
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

10

CALPINE OPERATING SERVICES COMPANY, INC. AND CALPINE CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT

## TWENTY-NINTH AFFIRMATIVE DEFENSE

**(Meal Period/Rest Break Waiver)**

29. As a separate and distinct affirmative defense, Defendants allege that the Complaint, and each purported claim contained therein, is barred to the extent Plaintiff and the purported class members, by their acts, conduct, and omissions, expressly or impliedly waived whatever rights they may have had to meal and rest breaks or misled Defendants regarding their meal and rest breaks.

## THIRTIETH AFFIRMATIVE DEFENSE

**(Adequate Remedy at Law)**

30. As a separate and distinct affirmative defense, Defendants allege that Plaintiff and the purported class members are not entitled to equitable relief insofar as they have an adequate remedy at law.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

**(Actions by Agents outside the Scope of Authority)**

31. As a separate and distinct affirmative defense, Defendants allege that claims in the Complaint cannot be maintained against Defendants because if employees of Defendants (including Plaintiff) took the actions alleged, such actions were committed outside the course and scope of such employees' employment, were not authorized, adopted or ratified by Defendants and Defendants did not know of nor should they have known of such conduct.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

**(Preliminary or Postliminary Activities)**

32. The Complaint, and each purported cause of action alleged therein, are barred in whole or in part as to all hours during which Plaintiff and the purported class members were engaged in activities which were preliminary or postliminary to its principal activities.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

**(Labor Code § 226.7 Violates the Equal Protection)**

33. As a separate and distinct affirmative defense, Defendants assert that the Complaint, and each and every alleged cause of action therein, or some of them, are barred because Labor Code

section 226.7 violates the Equal Protection Clause of the United States and California Constitution because it arbitrarily and unjustly exempts certain employers and employees to the exclusion of others without a rational basis for such unequal application of the law.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

34.    As a separate and distinct affirmative defense, Defendants assert that the Complaint, and each and every alleged cause of action therein, or some of them, are barred because Plaintiff has failed to exercise reasonable care to mitigate damages, if any were suffered, and that his right to recover against Defendants should be reduced and/or eliminated by such a failure.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE
### (Failure to Exhaust Internal Remedies)

35.    As a separate and distinct affirmative defense, Defendants assert that the Complaint, and each and every alleged cause of action therein, or some of them, are barred and/or estopped by Plaintiff's failure to exhaust appropriate internal remedies.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE
### (Good Faith Defense Barring Waiting Time Penalties)

36.    As a separate and distinct affirmative defense, Defendants contends that there is a good faith dispute and defense to Plaintiff's claims, and each of them, which bars the imposition of Labor Code waiting time penalties under *Amaral v. Cintas Corp. No. 2,* 163 Cal. App. 4th 1157 (2008).

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE
### (No Waiting Time Penalties for Alleged Meal or Rest Break Violations)

37.    As a separate and distinct affirmative defense, Defendants allege that alleged meal and rest break violations pursuant to Labor Code section 226.7 cannot as a matter of law support a claim for waiting time penalties under Labor Code section 203.

/ / /

/ / /

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

**(Vague and Ambiguous)**

38. As a separate and distinct affirmative defense, Defendants allege that the Complaint and each cause of action are barred because the applicable statutes and the applicable wage orders of the California Industrial Welfare Commission are unconstitutionally vague and ambiguous as applied to the facts and circumstances of this case.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

**(Bus. & Prof. Code Section 17200 – Compliance with Obligations)**

39. As a separate and distinct affirmative defense, Defendants allege that Plaintiff's claims are barred in whole or in part because of Defendant's compliance with all applicable laws, statutes and regulations, said compliance affording Defendants a safe harbor to any claim under Business and Professions Code Section 17200, *et seq.*

### FORTIETH AFFIRMATIVE DEFENSE

**(Bus. & Prof. Code Section 17200 – No Injury)**

40. As a separate and distinct affirmative defense, Defendants allege that the Complaint, and each cause of action set forth therein, or some of them, are barred because Plaintiff lacks standing to sue under California Business and Professions Code Section 17200 and 17204 as he has not suffered any injury in fact or lost money or property as a result of any allegedly unlawful business practice of Defendants.

### FORTY-FIRST AFFIRMATIVE DEFENSE

**(Failure to Satisfy Class Action Requirements)**

41. As a separate and distinct affirmative defense, Defendants allege that Plaintiff has failed to and cannot satisfy the requirements for the maintenance of a class action, including, and without limitation, ascertainability, predominance, typicality, adequacy of representation, and superiority, and further allege that public policy considerations do not favor such a certification.

///

///

LITTLER MENDELSON, P.C.
Attorneys at Law
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

13

CALPINE OPERATING SERVICES COMPANY, INC. AND CALPINE CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT

### FORTY-SECOND AFFIRMATIVE DEFENSE

**(Class Action Cannot Be Maintained)**

42. As a separate and distinct affirmative defense, Defendants allege that this suit may not be properly maintained as a class action because: (a) Plaintiff has failed to plead and cannot establish the necessary procedural elements for class treatment; (b) a class action is not an appropriate method for the fair and efficient adjudication of the claims described in the Complaint; (c) common issues of fact or law do not predominate; to the contrary, individual issues predominate; (d) the named Plaintiff's claims are not representative or typical of the claims of the putative class; (e) the named Plaintiff cannot fairly and adequately represent the interests of the putative class members; (f) the named Plaintiff and alleged putative class counsel are not adequate representatives for the putative class members; and/or (g) there is not a well-defined community of interest in the questions of law or fact affecting Plaintiff and the purported class members.

### FORTY-THIRD AFFIRMATIVE DEFENSE

**(Sick Leave Policies Lawful)**

43. As a separate and distinct affirmative defense, Defendants allege that any claim for penalties or liquidated damages Plaintiffs may seek on an individual or representative basis pursuant to Labor Code section 248.5 is barred, in whole or in part, because any unpaid sick pay was due to an isolated and unintentional payroll error or written notice error that is a clerical or an inadvertent mistake regarding the accrual or available use of paid sick leave.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

**(Voluntary Action)**

44. As a separate and distinct affirmative defense, Defendants allege that that Plaintiff and the purported class members consented to, encouraged, or voluntarily participated in all actions taken, if any.

/ / /

/ / /

/ / /

LITTLER MENDELSON, P.C.
Attorneys at Law
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

14

CALPINE OPERATING SERVICES COMPANY, INC. AND CALPINE CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT

## FORTY-FIFTH AFFIRMATIVE DEFENSE

**(No Damage, Harm or Injury)**

45.  As separate and distinct affirmative defense, Defendants allege that based upon the belief that further investigation and discovery will reveal facts supporting such defense, that Plaintiff's claims are barred, in whole or in part, because neither Plaintiff nor any purported class member has suffered any cognizable damage, injury or other harm as a result of any act or omission of Defendants.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

**(No Causation)**

46.  As a separate and distinct affirmative defense, Defendants allege that based upon the belief that further investigation and discovery will reveal facts supporting such defense, that Plaintiff's claims are barred, in whole or in part, because the alleged losses or harms sustained by Plaintiff and the purported class members, if any, resulted from causes other than any act or omission of Defendants, or from the acts or omissions of Plaintiff or the purported class members.

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

**(After-Acquired Evidence)**

47.  As a separate and distinct affirmative defense, Defendants allege that based upon the belief that further investigation and discovery will reveal facts supporting such defense, based upon the belief that further investigation and discovery will reveal facts supporting such defense, that evidence acquired subsequent to the filing of Plaintiff's Complaint bars and/or limits the amount of damages Plaintiff can recover, assuming *arguendo*, Defendants are found liable for any asserted claim.

## FORTY-EIGHTH AFFIRMATIVE DEFENSE

**(Class Action – Lack of Manageability)**

48.  As a separate and distinct affirmative defense, Defendants allege that the Complaint, and each cause of action therein, cannot proceed as a purported class action because of difficulties that render the action unmanageable.

LITTLER MENDELSON, P.C.
Attorneys at Law
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

15

CALPINE OPERATING SERVICES COMPANY, INC. AND CALPINE CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT

### FORTY-NINTH AFFIRMATIVE DEFENSE

### (Irregular and Brief)

49. As a separate and distinct affirmative defense, Defendants allege that Plaintiff and the purported class members are barred from recovering damages or penalties because even if they establish such claims, their claims involve activities that are so irregular or brief in duration that it would not be reasonable to require Defendants to compensate them for the time they allegedly spent on it. *See Troester v. Starbucks Corp.*, 5 Cal. 5th 829, 835 (2018).

### FIFTIETH AFFIRMATIVE DEFENSE

### (Policy of Authorizing And Providing Breaks)

50. As a separate and distinct affirmative defense, Defendants allege that that the Complaint cannot be maintained against Defendants because Defendants had a policy of authorizing and providing meal and rest periods as required by the Wage Order(s) of the California Industrial Welfare Commission and/or under applicable California law.

### FIFTY-FIRST AFFIRMATIVE DEFENSE

### (No Prejudgment Interest

51. As a separate and distinct affirmative defense, Defendants allege that the Complaint fails to properly state a claim upon which prejudgment interest may be awarded.

### FIFTY-SECOND AFFIRMATIVE DEFENSE

### (Other Remedies Barred)

52. As a separate and distinct affirmative defense, Defendants allege that the Complaint, and each cause of action set forth therein, or some of them, are barred because Plaintiff and the purported class members have failed to state a claim for an award of liquidated damages, costs or attorneys' fees under California Labor Code sections 218.5, 1194 and 1194.2, Code of Civil Procedure section 1021.5, California Business and Professions Code section 17200, *et seq.*, or any other basis.

/ / /

/ / /

**FIFTY-THIRD AFFIRMATIVE DEFENSE**

**(Calpine Corporation Not Plaintiff's Employer)**

53. As a separate and distinct affirmative defense, Defendant Calpine Corporation alleges that that all of Plaintiff's claims are barred against it as it was not Plaintiff's employer.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants pray for judgment from this Court as follows:

1. That Plaintiff take nothing by this action;

2. That the Complaint be dismissed with prejudice and that judgment be entered against Plaintiff and in favor of Defendants on each of Plaintiff's causes of action;

3. That Plaintiff be ordered to pay Defendants' costs and attorneys' fees, including, but not limited to, costs and attorneys' fees provided under California Labor Code section 218.5; and

4. Such other and further relief as the Court deems appropriate and proper.

Dated: March 21, 2023

LITTLER MENDELSON, P.C.

_____
Stacey E. James
Luis E. Lorenzana

Attorneys for Defendants
CALPINE OPERATING SERVICES COMPANY, INC. AND CALPINE CORPORATION

4870-9425-2116.2 / 049528-1019

LITTLER MENDELSON, P.C.
Attorneys at Law
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

17

CALPINE OPERATING SERVICES COMPANY, INC. AND CALPINE CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT

```
 1  Stacey E. James, Bar No. 185651
    sjames@littler.com
 2  Luis E. Lorenzana, Bar No. 248162
    llorenzana@littler.com
 3  LITTLER MENDELSON, P.C.
    501 W. Broadway, Suite 900
 4  San Diego, California  92101.3577
    Telephone:    619.232.0441
 5  Fax No.:      619.232.4302

 6  Attorneys for Defendants
    CALPINE OPERATING SERVICES COMPANY,
 7  INC. AND CALPINE CORPORATION
```

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO

| | |
|---|---|
| ELOY HERRERA, individually and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CALPINE OPERATING SERVICES COMPANY, INC.; CALPINE CORPORATION; and DOES 1 through 50, inclusive,<br><br>　　　　　　Defendants. | Case No. 37-2023-00007065-CU-OE-CTL<br><br>**PROOF OF SERVICE** |

LITTLER MENDELSON, P.C.
Attorneys at Law
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

1
PROOF OF SERVICE

1    I am employed in the County of San Diego, State of California, over the age of eighteen years, and not a party of the within action. My business address is 501 W. Broadway, Ste. 900, San Diego, CA 92101.

On **March 21, 2023**, I served true copies(y) of the following document(s) described as on the interested parties in this action as follows:

- **CALPINE OPERATING SERVICES COMPANY, INC. AND CALPINE CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT**

☒    **(BY U.S. MAIL)** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed above or on the attached Service List and placed the envelope for collection and mailing, following Littler Mendelson's ordinary business practices. I am readily familiar with Littler Mendelson's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

| | |
|---|---|
| Nicholas J. Ferraro, Esq.<br>Lauren N. Vega, Esq.<br>Rayne A. Brown, Esq.<br>Ferraro Vega Employment Lawyers, Inc.<br>3160 Camino del Rio South, Suite 308<br>San Diego, California 92108<br>(619) 693-7727 main<br>Email: nick@ferrarovega.com /<br>Email: lauren@ferrarovega.com | *Attorneys for Plaintiff*<br>Eloy Herrera |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service. Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on March 21, 2023 at San Diego, California.

*/s/ Pamela Gomez*
_____
Pamela Gomez

4879-5030-3064.1 / 049528-1019

2
PROOF OF SERVICE